08-1903-ag
Singh v. Holder

BIA
Nelson, IJ
A79 570 757

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> > *Circuit Judges*.

_____

SANDEEP SINGH,
> *Petitioner*,

> v.                                        08-1903-ag
>                                           NAC

ERIC H. HOLDER JR.,[1] UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:            Hector M. Roman, Jackson Heights, New York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General, Keith I. McManus, Assistant Director, Hannah Baublitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sandeep Singh, a native and citizen of India, seeks review of a March 27, 2008 order of the BIA affirming the November 15, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sandeep Singh*, No. A 79 570 757 (B.I.A. Mar. 27, 2008), *aff'g* No. A 79 570 757 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Singh fails to address the IJ's pretermission of his asylum application as time-barred. See 8 U.S.C. § 1158(a)(2)(B). Issues insufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7

(2d Cir. 2005). Accordingly, Singh has waived any challenge to the agency's denial of his application for asylum. *Id*.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Singh's brief in this Court fails to address several of the findings that the IJ used to support her adverse credibility determination.[2] Thus, they stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). Moreover, substantial evidence supports the credibility findings Singh does challenge. The IJ cited the inconsistency between Singh's first application (which stated that he was mistreated by the police in 2001), and his second application and testimony (which say that he was mistreated

---

[2]For example, the IJ found that Singh's credibility was undermined because he lacked sufficient corroboration.

in 1998).  Singh explained that he attempted to contact the English-speaking friend who prepared his first asylum application to corroborate his claim, but that the friend's telephone was disconnected.  However, the IJ did not accept the explanation, and no reasonable fact-finder would have been compelled to credit it.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).

Substantial evidence supports the IJ's adverse credibility determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).  Thus, the IJ's denial of Singh's application for asylum, withholding of removal, and CAT relief was proper where the only evidence that he would be persecuted or tortured depended on his credibility.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

4